IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| BARRY RENFOLD COOLEY, | ) | |
| Defendant. | ) | |

This matter is before the Court on the motions filed by the Defendant, Barry Renfold Cooley, to: vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 606); and amend his § 2255 motion (Filing No. 611).

**MOTION TO AMEND**

The motion to amend is denied. Cooley asserts that he wishes to amend his § 2255 motion by adding transcripts, state court records and other documents. (Filing No. 611, ¶ 7.) Such documents are not necessary for the Court's initial review of the § 2255 motion, and good cause has not been shown as required for the submission of discovery. RULES GOVERNING SECTION 2255 PROCEEDINGS, RULE 6(A).

**§ 2255 MOTION**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to

1

file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Cooley was found guilty after a jury trial of Count I of the Indictment charging him with conspiracy to distribute and possess 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filing No. 336.) The day before trial, the government timely filed a notice of prior convictions, or Information (Filing No. 279), alleging two prior felony drug convictions. The Information charges the following prior convictions: 1) a January 13, 1988, conviction for possession of a narcotic controlled substance for sale for which Cooley was allegedly sentenced to 180 days in jail and 36 months probation; and 2) a January 9, 1990, conviction for possession and/or purchase of cocaine base for sale and transporting or selling a narcotic controlled substance, for which Cooley was reportedly sentenced to 4 years imprisonment. Serving the notice on defense counsel satisfied the service requirement set out in 21 U.S.C. § 851(a)(1). (Filing No. 279.) The record does not reflect that Cooley was advised of the Information in court.[1] The notice was filed the day before trial and served on defense counsel, as required by § 851(a)(1). (Filing No. 279.) Cooley did not file a written objection to the information.

The Revised Presentence Investigation Report ("PSR") reflects the following prior felony drug convictions: October 18, 1987, possession with intent to deliver crack cocaine; August 16, 1989, possession of crack cocaine; and September 13, 1989, transportation

---

[1]Section 851 sets out the procedures for advising the Defendant prior to the imposition of sentence of the information, allowing him the opportunity to admit or deny the conviction(s) therein, as well as the procedure for objecting in writing to the convictions in an information.

and selling crack cocaine. All three convictions arose in the Los Angeles County Superior Court. It appears that the three cases were consolidated for sentencing, and Cooley received 4 years imprisonment for each offense. (PSR, ¶¶ 62-64.) The January 13, 1988, conviction listed as the first conviction in the Information does not appear in the PSR.

Defense counsel objected to Cooley's three prior felony convictions listed in ¶¶ 62-64 of the PSR. At sentencing, the government met its burden in proving those three prior convictions. (Filing No. 538 ("Tr. I"); Filing No. 539 ("Tr. II"), at 39-43.) Cooley had no rebuttal evidence. (Tr. II, at 43.) Cooley's objections to the PSR relating to other criminal history points and the lack of a role reduction were granted. (*Id.* at 43-50.) Cooley's base offense level was 38, and after a minor role reduction under U.S.S.G. § 3B1.2(b) the total offense level was stated to be 36. With placement in criminal history category IV, his sentencing guideline range was stated as 262-327 months. The statutory range was said to be 10 years to life imprisonment. (*Id.* at 50.) After additional discussion, the Assistant United States Attorney, Nancy Svoboda, stated:

> MS. SVOBODA: Judge, the way this has turned out is what I believe – where I believe this case is right now, a couple of things. Given the calculations that you have just made, Mr. Cooley's sentencing guideline range is at 262 to 327 months.
>
> However, I submit to you, ma'am, that career offender applies which would place him at a level 37, criminal history VI.
>
> I also submit, ma'am, that based on what I believe the evidence is that's been received, is that the United States has shown that Mr. Cooley has at least two prior drug felonies, the conviction that happened in this case, the case before you, 02-353, would be his third.
>
> Judge, the day before trial I filed an information on prior conviction which appears at filing number 279. It was filed on May 18, 2004. And we started trial, ma'am – started picking the jury on May 19.

>     Judge, according to the way the statute, 21 U.S.C. 851 and 21 U.S.C.
> 841(b) and the subparagraph under that, it appears as though, ma'am, I
> believe Mr. Cooley should receive a life sentence.

(*Id.* at 52-53.)

Ms. Svoboda explained further why she believed that a life sentence was required. (*Id.* at 53-54.) The probation officer agreed with Ms. Svoboda. (*Id.* at 54.) Defense counsel argued that a life sentence would be unfair given Cooley's role in the offense and the sentences of the other members of the conspiracy.[2]

The Court set out its guideline calculation resulting in a guideline range of 262-327 months, based on a total offense level of 36 and placement in criminal history category IV.

---

[2]In the case of Erroll Flynn Shepard, an Information was filed listing one prior conviction. (Filing No. 277.) The prior conviction was reflected in the PSR and sentencing recommendation, and therefore a 20-year mandatory minimum sentence was required. (Filing No. 454.) He was initially sentenced to 360 months (Filing No. 457), and on remand to 300 months (Filing No. 595).

Vincent Brown pleaded guilty and received a sentence of 46 months. (Filing No. 409.) An information alleging prior convictions was not filed.

In Roy C. Straughn's case, an Information was filed alleging two prior convictions. (Filing No. 278.) The alleged mandatory life sentence was erroneously not reflected in the PSR or sentencing recommendation. (Filing No. 523.) However, Straughn's objection to the information (Filing No. 477) apparently brought the issue to the Court's attention. The government was unable to meet its burden of proof with respect to those convictions. (Filing No. 541 (Tr.), at 10, 22.) Straughan was sentenced to 360 months imprisonment. (Filing No. 527.) His sentence was affirmed on appeal. (Filing No. 552.)

The government filed an Information in Tony Skannell's case. (Filing No. 283.) The PSR and sentencing recommendation reflected the effect of the alleged prior conviction. (Filing No. 486.) Because the Information was filed approximately two hours after voir dire began, the filing was untimely and Skannell was not subject to a term of life imprisonment. (Filing No. 440.) Skannell was sentenced to 360 months imprisonment. (Filing No. 466.) He received the same sentence on remand. (Filing No. 593.)

Oraina Fellows pleaded guilty and was sentenced to 40 months imprisonment. (Filing No. 408.) An information alleging prior convictions was not filed.

The Court, the parties and the probation officer neglected to account for the Chapter Four career offender enhancement under U.S.S.G. § 4B1.1 in light of the Defendant's prior felony drug convictions in ¶¶ 62-64 of the PSR. Under § 4B1.1, the application of the career offender guideline would have resulted in a sentencing guideline range of 360 months to life, based on a total offense level of 37 and placement in criminal history VI. (*Id.*, at 50.) When Ms. Svoboda raised the issue of a life sentence, the Court continued the hearing to allow the parties the opportunity to research the issue of the potential life sentence. (*Id.* at 57-58.) At the final sentencing hearing one month later, neither party offered a basis upon which to argue that the Court was not bound to impose a life sentence. (Filing No. 540 ("Tr. III"), at 64.) A life sentence was imposed. (Filing No. 515.) Cooley filed a direct appeal, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence, noting that he was sentenced under the Information requiring a life sentence. (Filing No. 552.) Cooley timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Cooley argues that he received ineffective assistance of counsel, because his trial attorney, William L. Switzer, Jr., failed to: challenge the notice of prior convictions enhancing his statutory sentencing range to a period of life imprisonment; allow him to testify at trial; give him proper advice about the strength of the evidence and the sentence he faced during plea negotiations; to file an application for a writ of certiorari upon being requested to do so; and object to use of his prior convictions where the convictions were not proved to a jury or decided by the Court beyond a reasonable doubt.

5

In order to establish ineffective assistance of counsel, Cooley must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

***Claim One: Challenge the Notice Under 21 U.S.C. § 851***

21 U.S.C. § 841(b) provides that if a defendant violates the statute after two or more prior felony drug convictions, the defendant is subject to a mandatory life sentence. Alternatively, with one qualifying prior conviction, the statutory mandatory minimum is raised from 10 to 20 years. 21 U.S.C. § 851 sets out the procedure for: filing a notice of prior convictions; objecting to the notice; and imposing sentence in the absence of an objection when prior convictions have been proved.

Under the circumstances, the record does not show that Cooley is not entitled to relief. The government is required to answer this claim.

***Claim Two: Allowing Defendant's Testimony at Trial***

Cooley argues that his attorney did not allow him to testify at trial as Cooley wished. The government is required to answer this claim.

***Claim Three: Advice Regarding Evidence and Sentence During Plea Negotiations***

Cooley contends that his attorney did not give him proper advice regarding the strength of the government's case and the sentence he faced during plea negotiations. The government is required to answer this claim.

***Claim Four: Filing of Application for Writ of Certiorari***

Cooley argues that his attorney failed to file an application for a writ of certiorari at his direction. The government is required to answer this claim.

***Claim Five: Blakely/Booker*[3]**

Cooley argues that his prior drug felonies set out in ¶¶ 62-64 of the PSR were required to be proved to a jury beyond a reasonable doubt. However, the Eighth Circuit has repeatedly stated that prior convictions are proved to the court under a preponderance of the evidence standard. *See, e.g., United States v. Pirani,* 406 F.3d 543, 552 & n.4 (8th Cir. 2005).

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's fifth claim must be summarily denied. The government is required to answer the remaining claims.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 606);

---

[3] Cooley was sentenced after *Blakely v. Washington,* 542 U.S. 296 (2004) but before *United States v. Booker,* 543 U.S. 220 (2005).

2. Upon initial review, the fifth claim raised in the Defendant's § 2255 motion is summarily denied (Filing No. 606);

3. On or before December 5, 2007, the United States shall answer claims one through four in the Defendant's § 2255 motion, supported by a brief;

4. On or before January 5, 2008, the Defendant may file a responsive brief;

5. The Defendant's motion to amend (Filing No. 611) is denied; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 5th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge