# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| BARRY RENFOLD COOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 606) and a motion to amend a previous Order (Filing No. 626), filed by the defendant, Barry Renfold Cooley. The government filed an Answer, a supporting brief and evidence in the form of an Affidavit of defense counsel, William L. Switzer, Jr. (Filing Nos. 623, 624, 625.) Cooley did not file a brief or evidence in response.

On initial review, the Court summarily dismissed the fifth claim and ordered the government to answer claims one through four. Although the Court did not specifically address claims six and seven, they are similar to claim one.

## FACTUAL BACKGROUND

Cooley was found guilty after a jury trial of Count I of the Indictment charging him with conspiracy to distribute and possess 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filing No. 336.) The day before trial, the government filed a notice of prior convictions, or Information (Filing No. 279), alleging two prior felony drug convictions. The Information charges the following prior convictions: 1) a January 13, 1988, conviction for possession of a narcotic controlled substance for sale for which Cooley was allegedly sentenced to 180 days in jail and 36 months probation; and

2) a January 9, 1990, conviction for possession and/or purchase of cocaine base for sale and transporting or selling a narcotic controlled substance, for which Cooley was reportedly sentenced to 4 years imprisonment. (Filing No. 279.) The record does not reflect that Cooley was advised of the Information in court. However, the Information was served on defense counsel, which satisfies the service requirement of § 851(a)(1). (Filing No. 279.) Mr. Switzer's affidavit establishes that Cooley was aware of the Information and its requirement of a life sentence. (Filing No. 625.) Cooley did not file a written objection to the Information.

The Revised Presentence Investigation Report ("PSR") reflects the following prior felony drug convictions: October 18, 1987, possession with intent to deliver crack cocaine; August 16, 1989, possession of crack cocaine; and September 13, 1989, transportation and selling of crack cocaine. All three convictions arose in the Los Angeles County Superior Court. It appears that the three cases were consolidated for sentencing, and Cooley received 4 years imprisonment for each offense. (PSR, ¶¶ 62-64.) The January 13, 1988, conviction listed as the first conviction in the Information does not appear in the PSR.

Defense counsel objected to Cooley's three prior felony convictions listed in ¶¶ 62-64 of the PSR. At sentencing, the government met its burden in proving those three prior convictions. (Filing No. 538 ("Tr. I"); Filing No. 539 ("Tr. II"), at 39-43.) Cooley had no rebuttal evidence. (Tr. II, at 43.) Cooley's objections to the PSR relating to other criminal history points and the lack of a role reduction were granted. (*Id.* at 43-50.) Cooley's base offense level was 38, and after a minor role reduction under U.S.S.G. § 3B1.2(b) the total offense level was stated to be 36. With placement in criminal history category IV, his

sentencing guideline range was stated as 262-327 months. The statutory range was said to be 10 years to life imprisonment. (*Id.* at 50.) After additional discussion, the Assistant United States Attorney, Nancy Svoboda, stated:

> MS. SVOBODA: Judge, the way this has turned out is what I believe – where I believe this case is right now, a couple of things. Given the calculations that you have just made, Mr. Cooley's sentencing guideline range is at 262 to 327 months.
>
> However, I submit to you, ma'am, that career offender applies which would place him at a level 37, criminal history VI.
>
> I also submit, ma'am, that based on what I believe the evidence is that's been received, is that the United States has shown that Mr. Cooley has at least two prior drug felonies, the conviction that happened in this case, the case before you, 02-353, would be his third.
>
> Judge, the day before trial I filed an information on prior conviction which appears at filing number 279. It was filed on May 18, 2004. And we started trial, ma'am – started picking the jury on May 19.
>
> Judge, according to the way the statute, 21 U.S.C. 851 and 21 U.S.C. 841(b) and the subparagraph under that, it appears as though, ma'am, I believe Mr. Cooley should receive a life sentence.

(*Id.* at 52-53.)

Ms. Svoboda explained further why she believed that a life sentence was required. (*Id.* at 53-54.) The probation officer agreed with Ms. Svoboda. (*Id.* at 54.) Defense counsel argued that a life sentence would be unfair given Cooley's role in the offense and the sentences of the other members of the conspiracy.[1]

---

[1]In the case of Erroll Flynn Shepard, an Information was filed listing one prior conviction. (Filing No. 277.) The prior conviction was reflected in the PSR and sentencing recommendation, and therefore a 20-year mandatory minimum sentence was required. (Filing No. 454.) He was initially sentenced to 360 months (Filing No. 457), and on remand to 300 months (Filing No. 595).

3

The Court set out its guideline calculation resulting in a guideline range of 262-327 months, based on a total offense level of 36 and placement in criminal history category IV. The Court, the parties and the probation officer neglected to account for the Chapter Four career offender enhancement under U.S.S.G. § 4B1.1 in light of the Defendant's prior felony drug convictions in ¶¶ 62-64 of the PSR. Under § 4B1.1, the application of the career offender guideline would have resulted in a sentencing guideline range of 360 months to life, based on a total offense level of 37 and placement in criminal history VI. (*Id.*, at 50.) When Ms. Svoboda raised the issue of a life sentence, the Court continued the hearing to allow the parties the opportunity to research the issue of the potential life sentence. (*Id.* at 57-58.) At the final sentencing hearing one month later, neither party offered a basis upon which to argue that the Court was not bound to impose a life sentence. (Filing No. 540 ("Tr. III"), at 64.) A life sentence was imposed. (Filing No. 515.)

---

Vincent Brown pleaded guilty and received a sentence of 46 months. (Filing No. 409.) An information alleging prior convictions was not filed.

In Roy C. Straughn's case, an Information was filed alleging two prior convictions. (Filing No. 278.) The alleged mandatory life sentence was erroneously not reflected in the PSR or sentencing recommendation. (Filing No. 523.) However, Straughn's objection to the information (Filing No. 477) apparently brought the issue to the Court's attention. The government was unable to meet its burden of proof with respect to those convictions. (Filing No. 541 (Tr.), at 10, 22.) Straughan was sentenced to 360 months imprisonment. (Filing No. 527.) His sentence was affirmed on appeal. (Filing No. 552.)

The government filed an Information in Tony Skannell's case. (Filing No. 283.) The PSR and sentencing recommendation reflected the effect of the alleged prior conviction. (Filing No. 486.) Because the Information was filed approximately two hours after voir dire began, the filing was untimely and Skannell was not subject to a term of life imprisonment. (Filing No. 440.) Skannell was sentenced to 360 months imprisonment. (Filing No. 466.) He received the same sentence on remand. (Filing No. 593.)

Oraina Fellows pleaded guilty and was sentenced to 40 months imprisonment. (Filing No. 408.) An information alleging prior convictions was not filed.

4

Cooley filed a direct appeal, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence, noting that he was sentenced under the Information requiring a life sentence. (Filing No. 552.)

Cooley timely filed his § 2255 motion. The government answered the motion, filed a supporting brief and an affidavit of defense counsel. (Filing Nos. 623, 624, 625.) Cooley filed a motion to amend his § 2255 motion due to "typos" and "omissions." (Filing No. 617.) The Court denied the motion to amend, noting that the amended motion was not substantially different from the original motion. (Filing No. 621.) The Court adds that the most noticeable difference is the addition of an "affidavit" of Cooley. However, the affidavit neither was signed by a notary nor was properly sworn in accordance with the requirements of 28 U.S.C. § 1746. (Filing No. 618.) Therefore, the affidavit may not be considered. Cooley objects to the order denying his motion to amend, arguing that the Court's decision was unfair. (Filing No. 626.)

**DISCUSSION**

In his § 2255 motion, Cooley argues in claims one through four that he received ineffective assistance of counsel, because his trial attorney, William L. Switzer, Jr., failed to: challenge the notice of prior convictions enhancing his statutory sentencing range to a period of life imprisonment; allow him to testify at trial; give him proper advice about the strength of the evidence and the sentence he faced during plea negotiations; file an application for a writ of certiorari upon being requested to do so; and object to use of his prior convictions where the convictions were not proved to a jury or decided by the Court beyond a reasonable doubt. In claims six and seven, Cooley argues that defense counsel was ineffective for not arguing that Cooley was improperly sentenced to life imprisonment

5

when he had only one prior qualifying conviction and for failing to appeal this issue to the Eighth Circuit. (Filing No. 606.)

In order to establish ineffective assistance of counsel, Cooley must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

***Claim One: the Information Filed Under 21 U.S.C. § 851***

21 U.S.C. § 841(b) provides that if a defendant violates the statute after two or more prior felony drug convictions, the defendant is subject to a mandatory life sentence. Alternatively, with one qualifying prior conviction, the statutory mandatory minimum is raised from 10 to 20 years. 21 U.S.C. § 851 sets out the procedure for: filing an Information, or notice, of prior convictions; objecting to the notice; and imposing sentence in the absence of an objection when prior convictions have been proved.

Cooley argues that the notice was defective because it failed to cite an unspecified statute and despite the § 851 notice he was unaware that he faced life imprisonment if he continued to trial. He maintains that he thought he faced between ten years and life imprisonment.

The § 851 service requirements of § 851(a)(1) were met.  (Filing No. 279.)  Mr. Switzer's affidavit clearly shows that the Information and its effect on Cooley's sentence were discussed with Cooley prior to his rejection of the government's final plea offer prior to trial.  (Filing No. 625.)  The Information set out two prior convictions, and upon defense counsel's objections to Cooley's three prior qualifying felonies, all three convictions were proved at sentencing.  Because there is a clerical error in the § 851 notice, the better course would have been for the government to amend the notice. *United States v. Curiale*, 390 F.3d 1075, 1077 (8th Cir. 2004).  However, "[a]n information complies with the requirements of § 851(a) even if it contains an error in its contents as long as the information serves to convey the Government's intent to seek an enhancement based on a particular earlier conviction.  In applying the statute's requirements, courts are careful not to elevate form over substance." *Id.* at 1076-77 (citations omitted).  Therefore, where the government proved three qualifying prior convictions at sentencing upon defense counsel's objections to those three prior convictions, defense counsel was not ineffective.  Cooley has not proved either prong of the *Strickland* test, and this claim is denied.

***Claim Two: Allowing Defendant's Testimony at Trial***

Cooley argues that his attorney did not allow him to testify at trial as Cooley wished.  Mr. Switzer's affidavit indicates that Cooley refused to testify when asked if he wished to do so.  Moreover, even if Mr. Switzer advised Cooley not to do so, such advice would undoubtedly be presumed as very sound trial strategy based on Cooley's extensive prior criminal history that could have been raised under Federal Rule of Evidence 404(b). *White*

7

*v. Roper,* 416 F.3d 728, 732 (8th Cir. 2005). Cooley is unable to prove either prong of the *Strickland* test, and the claim is denied.

***Claim Three: Advice Regarding Evidence and Sentence During Plea Negotiations***

Cooley contends that his attorney did not give him proper advice regarding the strength of the government's case and the sentence he faced during plea negotiations. As stated clearly in Mr. Switzer's affidavit, Cooley was advised that he could have pleaded to an agreement recommending, if not requiring, a ten-year sentence. Cooley refused after being advised of the merits of the government's case in great detail, having been shown the discovery materials, and having been advised of the effect of the § 851 notice. Mr. Switzer's extraordinary effectiveness is shown through his written notice to Cooley signed by Cooley indicating that Cooley was foregoing the proposed plea agreement. (Filing No. 625.) Cooley has not proved either prong of the *Strickland* test and this claim is denied.

***Claim Four: Filing of Application for Writ of Certiorari***

Cooley argues that his attorney failed to file an application for a writ of certiorari at his direction. According to Mr. Switzer's affidavit, to the best of his recollection Cooley did not request that a petition for a writ of certiorari be filed. (Filing No. 625.) Mr. Switzer's statement is supported by the record, as a motion to withdraw was not filed pursuant to the Eighth Circuit's Amended Criminal Justice Plan. Mr. Switzer states that Cooley's primary concern at that time was trying to overturn his California prior convictions, which cannot be done in federal court. Cooley has not proved either prong of the *Strickland* test, and this claim is denied.

***Claims Six and Seven: § 851 Notice***

In Claim Six, Cooley argues that counsel was ineffective for failing to argue that he had only one prior qualifying conviction, and he argues that therefore he faced between 10 years to life imprisonment rather than a mandatory life sentence.[2]  In Claim Seven, he argues that defense counsel was ineffective for failing to raise this claim on appeal.  These claims are intertwined with Claim One and were not specifically addressed on initial review.

To the extent that initial review of these claims is now required, Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record clearly shows that the government proved three prior qualifying convictions at sentencing, and therefore, as discussed above, a life sentence under 21 U.S.C. § 851 was appropriate.  There is no basis to Cooley's argument, and therefore counsel cannot be ineffective for not raising the argument at sentencing or on the appellate level.  Cooley has not proved either prong of the *Strickland* test, and under the above-quoted standard these claims are summarily denied.

---

[2] Cooley neglected to consider 21 U.S.C. § 841(b), which provides that a statutory minimum term of imprisonment is raised from ten to twenty years if a defendant has one prior qualifying conviction.

9

**CONCLUSION**

For the reasons discussed, Claims One through Four of the Defendant's § 2255 motion are denied on the merits, and Claims Six and Seven are summarily denied. In its discretion, the Court denies the Defendant's motion to amend (Filing No. 626).

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 606) is denied as follows:

    a. Claims One through Four are denied on the merits;

    b. Claims Six and Seven are summarily denied;

2. The Defendant's motion to amend (Filing No. 626) is denied;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 29th day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge