# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:02CR353 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| BARRY RENFOLD COOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Notice of Appeal (Filing No. 802) and the Clerk's memorandum regarding in forma pauperis status (Filing No. 803). A motion for a certificate of appealability was not filed. The Defendant appeals from the Order (Filing No. 800) denying his request for permission to amend and/or supplement his prior motion to vacate, correct or set aside sentence (Filing No. 798). The Notice of Appeal will be also considered as a request for a certificate for appealability.

Before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

The Defendant has sought relief under § 2255 repeatedly, and the Court determined that his most recent motion to amend or supplement his prior pleadings would be futile.[1] For the reasons set forth in the Court's previously issued Memoranda and Orders denying the defendant's § 2255 motions (Filings No. 615, 621, 631, 643, 644, 706, 734, 782, 785, and 800), the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

---

[1]Defendant cites *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012), as espousing a new rule such that the instant motion is timely under 28 U.S.C. § 2255(f)(3). (Filing No. 66 at 12.) However, *Lafler* did not announce a new rule of constitutional law. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("[N]either *Frye* nor *Lafler* . . . decided a new rule of constitutional law."); *United States v. Cooper*, – F. Supp. 2d –, 2012 WL 3860564, at *2 (D. Neb. Sept. 5, 2012) ("The difficulty with [the argument that the limitations period did not start until *Lafler* was issued] is that [the defendant's] claim of ineffective assistance of counsel regarding an accepted plea bargain is premised on the well-known principles set out in *Strickland v. Washington*, 466 U.S. 668 . . . and *Strickland* was issued long ago. [The defendant] does not explain how *Lafler* . . . created a new rule for cases such as his, and [the Court] cannot discern any basis for such an argument."). Therefore, the timeliness of Defendant's motion will be evaluated pursuant to 28 U.S.C. § 2255(f)(1).

IT IS ORDERED:

1. A certificate of appealability is denied;

2. The Clerk of Court shall provide a copy of this Order to the Eighth Circuit Court of Appeals; and

3. A copy of this Memorandum and Order shall be mailed to the Defendant at his last known address.

DATED this 8th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge